UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR -07-272(2)

---

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S |
| V. | ) | POSITION PAPER |
| | ) | |
| Christopher Erik Septon, | ) | |
| | ) | |
| Defendant. | ) | |

---

The sentencing of Chris Septon is now before the Court. All other actors in this mortgage fraud case have been sentenced. Only the last month's delay is the fault of Mr. Septon. As has been discussed, the lengthy prior delays have been painful to Mr. Septon as he has tried to go on with his life. These delays are no fault of his. Along with his co-defendant, Chris Horton, Mr. Septon made a "beeline" to the Government almost immediately upon retaining counsel. He has, since the virtual beginning of his trip through the criminal justice system, taken responsibility for his misdeeds and more than substantially cooperated with the Government.

Objections have been made to paragraphs 35 and 38. These are the same objections already made by Horton and Septon, Sr. This defendant has no reason to expect a different ruling from the same Judge. Suffice to say that it is the position of this defendant that the nature of the crime

itself is more sophisticated than stealing a loaf of bread but within the spectrum of frauds, the whiting out of incomes and the making of paper cutouts to affix to mortgage applications seems more simplistic than sophisticated and the actions of the completely compliant bank officers and underwriters belies there was any trust to be abused.

Not to belabor an issue the Court has already spoken to, Chris Septon has been willing and able from day one to testify to the enabling acts of, particularly, officers of Bremer Bank who not only knew the applications were false but, even instructed defendants, including Chris Septon, how to falsify them. We accept the fact that such activity does not implicate the victim which is an institution but only its' employees but, that is certainly a contraindication of the presence of a breach of trust.

It is the position of Mr. Septon that any 5K1.1 reduction for substantial cooperation and any variance for equitable reasons should begin from a guideline range of 22 rather than 26. Additionally, the plea agreement of the parties contemplated a reduction from level 22 rather then level 26. The opinion of the settling parties should be entitled to some weight.

There are other issues this court can consider in determining a fair and proper sentence. Mr. Horton has received a twenty four month sentence after his cooperation and his other issues, e.g. the delay, have been considered. The two Chrises have, at times, been classified as "two peas in a pod" by investigators. Symmetry in sentencing is a desirable commodity.

Mr. Septon's father, Edward, has already been sentenced by this Court. It is difficult to

contemplate relative culpability when you are brought into an illegal enterprise by your father, especially when you have no background in any illegal activity at the time. Certainly, at some point in time a person becomes fully responsible for their own choices but, when that was for Chris Septon , who knows? It is, however, an issue that this Court should consider.

The following of parental leadership continued to some degree even at the demise of the enterprise when, according to Government sources, Chris Septon, was selected and tentatively agreed to take more than his share of the blame for the organization's misdeeds. That plan was, of course, immediately scuttled when representation was obtained.

In summation; Chris Septon has taken all the responsibility he could take, and actually agreed to take more. He began cooperation at the earliest possible time in tandem with Chris Horton. He is ready and able to continue cooperation any time the Government would like to proceed against involved bankers. He has been subjected to painful years of waiting through no fault of his own.

This Court might also factor in some consideration for familial influence.

Dated August 5, 2008

Respectfully submitted,

JOSEPH S. FRIEDBERG, CHARTERED

/s/ Joseph S. Friedberg

By: Joseph S. Friedberg Atty ID# 32086
150 South 5th Street, Suite 320
Minneapolis, Minnesota 55402
612/339-8626